Rockingham,
No. 4482.

### Lawrence A. Jenkins *v.* Glover Gaines.

Argued April 4, 1956.

Decided April 27, 1956.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Carl O. Randall, Jr. (Mr. Randall* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree (Mr. Nourie* orally), for the defendant.

Blandin, J. The only issue before us is whether in the circumstances here the defendant may argue that certain inferences should be drawn because he brought out in cross-examination that facts alleged in the superseded pleadings were contrary to those upon which the plaintiff relied at the trial. The question is important because it bears on the plaintiff's due care which depends largely

on whether he was aware of the presence of a truck from which lumber fell causing his injury.

The difficulty with the defendant's position here is that at no time did it appear from the record that he was reading from the original declaration filed by the plaintiff. In cross-examination counsel repeatedly asked the plaintiff if he ever told his attorney that Gaines "was attempting with his truck to push another truck in the yard?" Upon the plaintiff's denial, he was finally asked, "So that *if* the writ against Mr. Gaines . . . said that at the time of the accident Mr. Gaines was attempting to push the Mack, that is just as wrong as it could be?" (Emphasis supplied.) To this the plaintiff answered, "That's right." In the face of this denial of the statements attributed to him, there was no occasion for plaintiff's counsel to object or to demand the introduction of the original declaration. He might assume, in the absence of any attempt to introduce it in evidence, that defendant's counsel was content to let the matter rest (see *Charles* v. *McPhee*, 92 N. H. 111, 114, 115), and that in accordance with our established rule, the alleged statements in the original declaration could not be used against him. *Precourt* v. *Driscoll*, 85 N. H. 280, 281; *Villineuve* v. *Railway*, 73 N. H. 250, 251, 252; 4 Wig. Ev. (3d *ed.*) *s.* 1067, *pp.* 61, 68. Had it been introduced, the plaintiff would have had the right to explain any contradiction or inconsistency between the original and the amended declarations. *Jarnvagsstyrelsen* v. *Dexter & Carpenter*, 32 F. (2d) 195, 198, certiorari denied, 280 U. S. 579. It is true that in this state generally speaking no rigid formality is demanded in the introduction of evidence (*cf.* 4 Wig. Ev. (3d *ed.*) *s.* 1067, *p.* 68), yet we believe in the circumstances here some reasonably unequivocal form of identification should have been required. However, it was not, and as a result, counsel based his argument on a writing which was neither in evidence nor were its contents admitted by the witness. *Cf. Rau* v. *Stores*, 97 N. H. 490, 494. This was an error and the order must be

*New trial.*

All concurred.